IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      CR No. 20-317 JP

ANTHONY FRAZIER JR.,

        Defendant.

## UNOPPOSED MOTION TO CONTINUE AUGUST 30 TRIAL SETTING

COMES NOW Defendant Anthony Frazier, through his attorney, Jeffrey J. Buckels, and moves this Court to vacate and continue the August 30, 2021, trial setting herein and related deadlines. As grounds, Mr. Frazier states as follows.

Per AUSA Frederick Mendenhall, the Government does not oppose.

Trial is set for August 30, 2021. *See* Order [Doc. 25]. There has been no prevous continuance.

Mr. Frazier is charged with murder and obstruction. *See* Indictment [Doc. 2, 1/29/20], and is detained pending trial.

The parties are not currently in a position to move forward within the current set of deadlines. The defense raised competency early in this case. Mr. Frazier was committed to the Attorney General for a competency evaluation, and after several months a Bureau of Prisons psychologist found Mr. Frazier competent, and Mr.

Frazier was returned to his place of detention in New Mexico. Undersigned counsel then retained a psychologist under the CJA, who recently found Mr. Frazier not competent. That evaluation was promptly provided to the prosecution. Thus, the competency inquiry is incomplete and may need to be resolved by this Court. In the circumstances, undersigned counsel cannot prepare for trial and/or knowledgeably advise Mr. Frazier with respect to possible pleas within the confines of the current trial date. An additional **60 days** is necessary in order to make needful progress in the competency inquiry.

The requested postponement is needed in order to permit the completion of the above-noted tasks and to ensure that Frazier receives the effective assistance of counsel and due process of law. In the circumstances, the interests of justice call for a continuance of the August 30 trial setting, and that need outweighs the interests of the accused and the public in a speedy trial. 18 U.S.C. § 3161(h)(7).

The requested continuance is not sought for the purpose of delay, but rather to ensure that justice is done.

The grant of the requested continuance, and the completion of the essential tasks noted above, are needed in order to permit Mr. Frazier to make a fully informed decision as to whether to plead guilty or take the case to trial, to prepare for trial, including the filing of motions, in the event a settlement is not reached,

and to prepare in anticipation of an eventual sentencing following a plea or a conviction, and to ensure that he receives the effective assistance of counsel and due process of law.

The Constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. *United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. Fla. 1995) ("Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense").

Effective assistance of counsel requires the evaluation and discussion of potential pleas. *Missouri v. Frye*, 566 U.S. 133, 132 S.Ct. 1399 (2012).

Pursuant to *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), additional time for counsel to make a final review discovery, conduct any needed investigation and/or pursue appropriate motions, and to explore plea options on the basis of the above, as well as a definitive review of the applicable sentencing guidelines, is absolutely necessary to Mr. Frazier in order to achieve the fair administration of justice.

Given the possibility of a negotiated settlement of this case, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connelly v. United States*, 2013 WL 530869 (D.N.J. Feb. 11, 2013) (unpublished) (waste of prosecutorial and judicial resources

3

and delay in the trial of other cases is contrary to objectives underlying the Speedy

Trial Act).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), undersigned counsel states that the

ends of justice will be served by the granting of the requested continuance.

Mr. Frazier stipulates that all delay caused by the requested continuance

should be excluded from the computation of his right to a speedy trial pursuant to

18 U.S.C. § 3161(h)(7)(A), as it is in the best interest of both him and the

Government fully and properly to evaluate the case.

As noted, the Government, per Mr. Mendenhall, does not oppose this

motion.

WHEREFORE, Mr. Frazier moves this Court to continue the August 30,

2021, trial setting for 60 days and continue the accompanying deadlines for

motions and other pretrial obligations accordingly.

Respectfully Submitted,

*Electronically filed 7/26/21*

/s/ Jeffrey J. Buckels
Jeffrey J. Buckels
Attorney for Anthony Frazier

2410 Venetian Way SW
Albuquerque NM 87106
(505) 363-4609 Phone
(866) 848-6905 Fax

jeffbuck7@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically submitted and thereby provided to counsel of record on this 26th day of July, 2021.

/s/ Jeffrey J. Buckels
Jeffrey J. Buckels Esq.